UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                             Criminal Case No: 15-20574
v.                                          Hon.  DENISE PAGE HOOD

TRAVONTAE JAVON JOSEPH,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE §924(c) CONVICTION UNDER § 2255 [#237]**

**I.    INTRODUCTION**

On March 14, 2017, Defendant Travontae Javon Joseph ("Joseph"), pursuant to a Rule 11 Plea Agreement, pled guilty to: (1) participating in a Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count I); and (2) possessing a weapon during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count III). [ECF No. 161] On October 20, 2017, the Court sentenced Joseph to 41 months on Count I, to be served concurrent with Joseph's state court case, and 60 months on Count III to be served consecutive to Count I. [ECF No. 196] On June 16, 2020, Joseph filed the instant Motion to Vacate Sentence under 28 U.S.C. § 2255 (as to his sentence on Count III). [ECF No. 237] On June 29, 2020, the Court ordered a

1

Response from the Government. [ECF No. 241] On June 30, 2020, the Government filed its Response. [ECF No. 242] On May 20, 2021, Joseph filed a reply. [ECF No. 265]

For the reasons set forth below, Joseph's Motion to Vacate Sentence under 28 U.S.C. § 2255 is **GRANTED**.

## II.    ANALYSIS

### A. Timely Filed

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under section 2255 are subject to a one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2253(f)(1); *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). Although the instant Motion was brought after the one-year limitation period, 28 U.S.C. § 2253(f)(3) allows a defendant to bring a motion if a right has been "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As Joseph asserts, the Supreme Court established Joseph's right to bring the instant Motion in *United States v. Davis*, 139 S.Ct. 2319 (2019), on June 24, 2019. Accordingly, any motion filed before June 24, 2020, would be

considered timely. As an initial matter, the Court notes that Joseph's Motion was timely filed.

### B. United States v. Davis

In *Davis*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c) is unconstitutionally vague and struck down § 924(c)'s "crime of violence" definition. Guided by *Davis*, Joseph argues that his 924(c) conviction must be vacated because it was predicated upon a Racketeering Conspiracy conviction as a crime of violence. The Government agrees. As the Government indicates, the Rule 11 Plea Agreement only found that Joseph and other members of the conspiracy agreed to participate, indirectly and directly, to conduct the enterprise's affairs through a pattern of racketeering activity. [ECF No. 161] The Plea Agreement specifically found that Joseph conspired to assault a number of persons and commit a robbery. *Id.*

Although the facts were enough to convict Joseph of a RICO conspiracy under 18 U.S.C. § 1962(d), the Plea Agreement only found that Joseph made an *agreement* to commit racketeering acts. The Plea Agreement did not establish as "an element" of the RICO conspiracy, that Joseph ever completed a robbery or an assault, or even that he attempted or threatened either of the same. § 924(c)(3)(A).

Since the Government does not contest Joseph's Motion, the only remaining issue is the remedy.

### C. Remedy

Section 2255 gives the Court the power to either "resentence" Joseph or to "correct the sentence as may appear appropriate." As long as the Court explains the basis for its reasoning, it has "wide berth in choosing the proper scope of post-2255 proceedings." *Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013). The Government asserts that the Court has the authority to conduct a full resentencing and increase Joseph's sentence to 51 months. Alternatively, the Court could reconsider the concurrent nature of the RICO conspiracy in light of the vacated § 924(c) conviction. Every circuit, including the Sixth Circuit has held that district courts have "the authority to resentence a defendant who has secured reversal of a § 924(c) conviction under § 2255." *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997). Even the Supreme Court in *Davis* noted that courts could "increase the sentences for any remaining counts if such an increase is warranted." 139 S. Ct. at 2336. The Government argues that nothing in *Davis* precludes the Court from finding that Joseph's conduct was any less violent, or any less culpable as a participant in his gang—the Band Crew.

"Rather than . . . conduct a de novo resentencing," the Government advocates for vacating the § 924(c) conviction and leaving the 41-month RICO conspiracy sentence as is. *United States v. Nichols*, 897 F.3d 729, 738 (6th Cir. 2018). The Government asserts that such an action is appropriate as long as the Court can "properly rely on the explanation . . . originally provided in support of [Joseph's] sentence." *Nichols*, 897 F.3d at 738.

The Court concludes that it can fully comply with *Nichols* because none of the underlying conduct for the RICO conspiracy has changed, and Joseph's guideline range for the RICO conspiracy is still the same as it was at his original sentencing proceeding.

I. CONCLUSION

For the reasons listed above,

IT IS HEREBY ORDERED that Joseph's Motion to Vacate Sentence under § 2255 [ECF No. 237] is **GRANTED**.

IT IS FURTHER ORDERED that Joseph's sentence is corrected without a full resentencing and the Court vacates Joseph's 60-month § 924(c) sentence, leaving only the 41-month RICO-conspiracy sentence, which is to run concurrent to the defendant's undischarged terms of imprisonment with the Michigan Department of Corrections.

IT IS ORDERED.

DATED: December 15, 2022

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE